**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ricky Lamont Hayes, Appellant.

Appellate Case No. 2015-000149

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-149
Submitted March 1, 2017 – Filed April 5, 2017

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Ricky Lamont Hayes appeals his conviction for two counts of armed robbery, arguing the trial court erred by failing to suppress his oral statements to police on the morning of his arrest because he had invoked his

*Miranda*[1] right to remain silent.  Hayes contends he was deprived of due process when the interrogating police officer continued to question him after he refused to sign a waiver of rights form.  We affirm.[2]

We find the trial court did not err by admitting Hayes's oral statements to police. *See State v. Collins*, 409 S.C. 524, 530, 763 S.E.2d 22, 25 (2014) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." (quoting *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004))).  Here, the record shows that although Hayes refused to sign a waiver of rights form during custodial interrogation, he explicitly stated he would continue speaking with the interrogating officer.  Because Hayes agreed to continue speaking with the officer, we agree with the trial court that Hayes did not unequivocally invoke *Miranda*.  *See Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (holding the invocation of an individual's right to remain silent must be unambiguous and unequivocal).

Hayes's course of conduct with the officer further demonstrates that he was aware of his rights pursuant to *Miranda* and the Fifth and Sixth Amendments, and that he voluntarily chose to waive those rights.  *See Moran v. Burbine*, 475 U.S. 412, 421 (1986) ("First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." (quoting *Fare v. Michael C.*, 442 U.S. 707, 725 (1979))); *Connecticut v. Barrett*, 479 U.S. 523, 529 (1987) (finding defendant understood and waived his *Miranda* rights by speaking to police during a custodial interrogation after stating he would not give a written statement until his attorney was present, but he was willing to speak to the police); *North Carolina v. Butler*, 441 U.S. 369, 373-76 (1979) (invalidating a per se requirement for an express waiver of *Miranda* and holding that a criminal defendant's course of conduct, coupled with an understanding of his rights, may constitute a waiver of *Miranda*).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

Accordingly, we find that the State met its burden of proving both that Hayes failed to invoke *Miranda* and that Hayes voluntarily waived his *Miranda* rights.[3]

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[3] We note that if the statements had been improperly admitted, any error would be harmless beyond a reasonable doubt due to the overwhelming evidence of Hayes's guilt. *See State v. Bryant*, 369 S.C. 511, 518, 633 S.E.2d 152, 156 (2006) ("[A]ppellate courts will not set aside convictions due to insubstantial errors not affecting the result. Thus, an insubstantial error not affecting the result of the trial is harmless where a defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached." (citation omitted)).